# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUDITH T. SKACH,

        Plaintiff,

vs.

AAA NORTHERN CALIFORNIA, NEVADA & UTAH INSURANCE EXCHANGE,

        Defendant.

3:12-cv-00464-RCJ-VPC

**ORDER**

This is a first-party insurance action arising out of an automobile accident. Before the Court are Defendant's Motion for Summary Judgment as to Plaintiff's Claim for Bad Faith (ECF No. 22) and Plaintiff's Motion to Defer Consideration (ECF No. 28). For the reasons given herein, the Court grants both motions in part.

## I.  FACTS AND PROCEDURAL HISTORY

On or about September 16, 2010, Plaintiff Judith Skach was involved in a car accident caused by a non-party who was found to be at fault. (Am. Compl. ¶ 5, Aug. 29, 2012, ECF No. 1, at 6). Plaintiff sustained permanent injuries; her medical expenses exceed $27,000, and treatment is ongoing. (*Id.*). The non-party tortfeasor's insurance company tendered the policy limits of $50,000. (*Id.*). Plaintiff, believing that her eventual expenses would exceed $50,000, tendered a claim for an unspecified amount of Underinsured Motorist ("UIM") benefits to Defendant AAA Northern California, Nevada & Utah Insurance Exchange ("AAA") under a policy she had with AAA. (*See id.* ¶¶ 4–5). Defendant rejected the claim. (*Id.* ¶ 7).

Plaintiff sued Defendant in state court on three causes of action: (1) breach of contract; (2) insurance bad faith; and (3) violations of Chapter 686A of the Nevada Revised Statutes ("NRS") and Chapter 686A of the Nevada Administrative Code ("NAC"). Defendant removed the Amended Complaint ("AC") and has now moved for summary judgment as to the bad faith claim.

## II.  LEGAL STANDARDS

### A.  Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary

judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

B.     **Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.     ANALYSIS

Insurers have a special relationship with their insureds that arises under the implied covenant of good faith and fair dealing. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009). This duty does not arise out of contract, but is imposed on insurers by law. *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (1975). "A violation of the covenant gives rise to a bad-faith tort claim." *Miller*, 212 P.3d at 324. Bad faith is "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Id.* (quoting *Am. Excess Ins. Co. v. MGM*, 729 P.2d 1352, 1354–55 (1986)). Bad faith by an insurer "can be shown where a claim is not properly investigated or reviewed."16A John Alan Appleman & Jean Appleman, *Insurance Law and Practice* §8878.25 (West 1981 & Supp. 2009) (collecting cases).

Defendant has moved for summary judgment on the bad faith claim. The Court begins by noting that Plaintiff has not sufficiently pled a bad faith claim, alleging only in conclusory fashion that Defendant has acted in bad faith by failing to reasonably investigate the claim. (*See* Am. Compl. ¶¶ 6, 12–14). Dispositive motions of any kind may be filed until July 31, 2013. (*See* Sched. Order 4, Oct. 17, 2012, ECF No. 17). The Court will therefore treat the present motion as a motion to dismiss for failure to state a claim and grant it, with leave to amend. Plaintiff presents no evidence of bad faith in response to the present motion but asks the Court to defer any summary adjudication until after the close of discovery. The Court grants Plaintiff's motion in this regard. Because discovery is open until July 1, 2013, (*see id.* 3), the Court will not grant summary judgment against Plaintiff at this time. Plaintiff might discover evidence of bad faith before the close of discovery. Still, Plaintiff has failed to sufficiently plead the claim. Plaintiff has pled no facts even permitting an inference of bad faith but has alleged bad faith in conclusory fashion with virtually no factual flesh on the bare bones recital of the cause of action. Plaintiff has not alleged the amount of her damages in excess of $50,000 or any facts supporting the conclusion that Defendant's rejection of her demand for an (unspecified) amount under the

UIM policy was made without any reasonable investigation.  In other words, Plaintiff's allegations are not inconsistent with liability but do not make liability plausible under Rule 8(a).  This is understandable, because Plaintiff filed the AC in state court, but the pleading standards in this Court are stricter.  Until the claim is sufficiently pled, Defendant need not be subject to the costs of any discovery available purely upon the bad faith claim.

The Court agrees with Defendant that because the present dispute centers upon the measure of Plaintiff's pain and suffering, which type of damages have no objective measure, the bad faith claim premised purely upon a failure to reimburse Plaintiff for this measure of damages is not ripe until those damages have been proved. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993) ("We agree that an insured must demonstrate fault by the tortfeasor and the extent of damages before a claim for bad faith will lie.  But, an insured is not required to obtain a judgment against the tortfeasor before he or she is entitled to receive proceeds under a UM policy.").  That is, in order to bring a bad faith claim against an insurer, an insured need not receive a judgment against the tortfeasor, but must "demonstrate fault by the tortfeasor and the extent of damages." *Id.*

The Court disagrees with Defendant, however, that this rule makes the present bad faith claim unripe in federal court.  Under Rule 14, for example, a federal court may entertain third-party claims "prematurely" so long as: (1) any resulting judgment is made contingent on the relevant precondition; or (2) the court directly stays any judgment until the condition is satisfied. *See Andrulonis v. United States*, 26 F.3d 1224, 1233–34 (2d Cir. 1994) (holding that the "may be liable" language of Rule 14(a) explicitly permits contribution or indemnity claims in federal court as a procedural matter even before discharge of liability, despite state law to the contrary).  Rule 14 governs the joinder of third parties—a procedural circumstance not present here—but Rule 18, which applies to the joinder of multiple claims against a single party, explicitly takes the same approach the *Andrulonis* court took with respect to Rule 14. *See* Fed. R. Civ. P. 18(b) ("A

1  party may join two claims even though one of them is contingent on the disposition of the
2  other . . . ."). Still, Rule 18 requires that an unripe claim be contingent upon another claim joined
3  therewith, and Plaintiff has brought no negligence claim against the non-party tortfeasor.
4      The Court will therefore give Plaintiff leave to amend not only the bad faith claim but
5  also to add a claim for declaratory judgment as to the liability of the tortfeasor and the extent of
6  the damages he or she caused. The Court will craft the jury instructions and verdict form to
7  ensure damages are not awarded against Defendant inconsistently with the substance of
8  *Pemberton*.

## CONCLUSION

10      IT IS HEREBY ORDERED that the Motion for Summary Judgment as to Plaintiff's
11  Claim for Bad Faith (ECF No. 22) and the Motion to Defer Consideration (ECF No. 28) are
12  GRANTED IN PART and DENIED IN PART. The bad faith claim is DISMISSED, with leave
13  to amend.
14      IT IS SO ORDERED.
15  Dated this 6th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge