1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6
7   JUDITH T. SKACH,                    )
                                        )
            Plaintiff,                  )
8                                       )
        vs.                             )        3:12-cv-00464-RCJ-VPC
9                                       )
    AAA NORTHERN CALIFORNIA, NEVADA &   )            **ORDER**
10  UTAH INSURANCE EXCHANGE,            )
                                        )
11          Defendant.                  )
    _____)
12

13          This is a first-party insurance action arising out of an automobile accident.  Before the

14  Court is Defendant's Motion to Dismiss (ECF No. 31).  For the reasons given herein, the Court

15  denies the motion.

16  **I.      FACTS AND PROCEDURAL HISTORY**

17          On or about September 16, 2010, Plaintiff Judith Skach was involved in a car accident

18  caused by a non-party who was found to be at fault. (Am. Compl. ¶ 5, Aug. 29, 2012, ECF No. 1,

19  at 6).  Plaintiff sustained permanent injuries; her medical expenses exceed $27,000, and

20  treatment is ongoing. (*Id.*).  The non-party tortfeasor's insurance company tendered the policy

21  limits of $50,000. (*Id.*).  Plaintiff, believing that her eventual expenses would exceed $50,000,

22  tendered a claim for an unspecified amount of Underinsured Motorist ("UIM") benefits to

23  Defendant AAA Northern California, Nevada & Utah Insurance Exchange ("AAA") under a

24  policy she had with AAA. (*See id.* ¶¶ 4–5).  Defendant rejected the claim. (*Id.* ¶ 7).

25          Plaintiff sued Defendant in state court on three causes of action: (1) breach of contract;

1   (2) insurance bad faith; and (3) violations of Chapter 686A of the Nevada Revised Statutes

2   ("NRS") and Chapter 686A of the Nevada Administrative Code ("NAC").  Defendant removed

3   the Amended Complaint ("AC") and has now moved for summary judgment as to the bad faith

4   claim.

5   **II.     LEGAL STANDARDS**

6          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

7   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

8   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

9   (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

10   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

11   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

12   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

13   failure to state a claim, dismissal is appropriate only when the complaint does not give the

14   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

15   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

16   sufficient to state a claim, the court will take all material allegations as true and construe them in

17   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

18   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

19   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

20   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

21   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

22   is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

23   550 U.S. at 555).

24          "Generally, a district court may not consider any material beyond the pleadings in ruling

25   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.    ANALYSIS

Defendant previously moved for summary judgment on the bad faith claim, but the Court treated the motion as a motion to dismiss for failure to state a claim and granted it, because Plaintiff had alleged the claim only in conclusory fashion and had not alleged the amount of her damages in excess of $50,000 or any facts supporting the conclusion that Defendant's rejection of her demand for an (unspecified) amount under the UIM policy was made without any reasonable investigation.  The Court noted that after amendment it would defer any summary adjudication until after the close of discovery on July 1, 2013, assuming Plaintiff sufficiently amended the claim.

The Court also noted that because the present dispute centered upon the measure of Plaintiff's pain and suffering, which type of damages have no objective measure, the bad faith claim premised purely upon a failure to reimburse Plaintiff for this measure of damages would not be not ripe until those damages were proved. *See Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993) ("We agree that an insured must demonstrate fault by the tortfeasor and the

1    extent of damages before a claim for bad faith will lie.  But, an insured is not required to obtain a

2    judgment against the tortfeasor before he or she is entitled to receive proceeds under a UM

3    policy.").  That is, in order to bring a bad faith claim against an insurer, an insured need not

4    receive a judgment against the tortfeasor, but must "demonstrate fault by the tortfeasor and the

5    extent of damages." *Id.*

6        The Court disagreed with Defendant, however, that the *Pemberton* rule made the present

7    bad faith claim unripe in federal court. *See* Fed. R. Civ. P. 18(b) ("A party may join two claims

8    even though one of them is contingent on the disposition of the other . . . .").  But the Court noted

9    that Rule 18 requires that an otherwise unripe claim be contingent upon another claim joined

10   therewith, and Plaintiff had brought no negligence claim against the non-party tortfeasor and no

11   declaratory judgment claim against Defendant as to the tortfeasor's fault and the extent of

12   damages caused by the tortfeasor.  The Court therefore gave Plaintiff leave to amend not only the

13   bad faith claim but also leave to add a claim for declaratory judgment as to the liability of the

14   tortfeasor and the extent of the damages he or she caused.[1]

15       Defendant argues the Second Amended Compliant ("SAC") filed in response to the

16   Court's order did not cure the deficiencies.  The same three claims are pled, with no claim

17   directly against the tortfeasor and no claim for declaratory judgment against Defendant as to

18   causation and the extent of Plaintiff's damages.  Plaintiff argues that the tortfeasor's fault has

19   been admitted by the simple fact that the tortfeasor tendered his own policy limits.  The Court

20   rejects this argument.  It was not the tortfeasor but the tortfeasor's insurance company that made

21   the decision to tender the policy limits.  That has nothing to do with the tortfeasor himself

22   admitting fault, or even the insurance company.  If Plaintiff has some evidence that the tortfeasor

23

24       [1]Apparently, Plaintiff does not wish to join the tortfeasor as a defendant, although such a
25   claim would of course also be a sufficient predicate for the bad faith claim against Defendant
     under Rule 18.

1   has in fact admitted fault via some release or other statement, it will be simple to provide that

2   evidence in support of a declaratory judgment claim on the issue.  But the tortfeasor's insurance

3   company's decision to tender the policy limits rather than face a lawsuit does not in-and-of-itself

4   translate into an admission of fault by anyone.  Plaintiff also notes that causation and damages

5   will have to be proved under the breach of contract claim, so there is no point in requiring

6   Plaintiff to prove these things via a separate declaratory judgment claim.  This is true, but to

7   recover under the UIM provision, Plaintiff will also have to prove fault by the tortfeasor, and that

8   issue has simply never been determined against or admitted by Defendant.

9         In summary, the bad faith claim is sufficiently pled as a general matter in the SAC.

10   Particularly, paragraph 18 indicates that counsel for Plaintiff contacted Defendant to report

11   Plaintiff's medical treatment and made Plaintiff's records and bills available.  It is also clear at

12   this stage that Plaintiff does not wish to add a separate claim for declaratory judgment as to the

13   tortfeasor's fault.  Rather than dismiss the breach and bad faith claims, the Court will simply

14   require Plaintiff to prove, as part of both the breach and bad faith claims, that the tortfeasor was

15   at fault.[2]

16         Next, Defendant asks the Court to dismiss the third claim for failure to state a claim.  The

17   Court denies the motion in this respect.

18   _____

19      [2]A closer examination of *Pemberton* makes it clear that even a simple breach claim, if
based upon failure to pay under a UIM provision, requires a showing of the tortfeasor's fault. *See*

20   *Pemberton*, 858 P.2d at 384.  That is a commonsense rule, because underinsuredness implies that
the underinsured party has a reason to invoke his liability insurance to pay a third party in the

21   first instance, i.e., because he is at fault.  In other words, liability of the tortfeasor is an inherent
element of a first-party claim of breach of a UIM provision as those provisions are typically

22   written.  Plaintiff also argues that the Nevada Supreme Court has rejected the "directed verdict
rule," under which a first-party insurance plaintiff has no bad faith claim unless he is entitled to a

23   directed verdict on the breach claim.  That Nevada has rejected the directed verdict rule is clear,
*see Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949 (Nev. 1998), but the present controversy

24   does not concern the directed verdict rule.  It concerns a different principal, i.e., that a plaintiff
must show legal entitlement against the tortfeasor (though he need not obtain a judgment against

25   the tortfeasor) before any claim based upon the breach of a UIM policy will lie.

Page 5 of 6

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 32) is DENIED.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge