UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH T. SKACH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WESTERN UNITED INSURANCE CO., d.b.a. ) <br> AAA NEVADA INSURANCE CO., ) <br> ) <br> Defendant. ) <br> ) | 3:12-cv-00464-RCJ-VPC <br><br> **ORDER** |

This is a first-party insurance action arising out of an automobile accident. The Court recently granted summary judgment to Defendant as to the non-contractual claims, but the breach of contract claim remains for trial. Defendant has nevertheless asked the Court to award it attorney's fees for its defense of the non-contractual claims under Nevada Revised Statutes section 18.010(2). The Court denies the motion as premature. It is not yet known whether Plaintiff will prevail at trial on her breach of contract claim. If Plaintiff recovers less than $20,000, or if she recovers more and the Court finds that the defense of the breach of contract claim was frivolous, Plaintiff would herself be entitled to fees under the statute, despite having lost on the non-contractual claims. *See Valley Electric Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (quoting *Women's Fed. S & L Ass'n v. Nev. Nat'l Bank*, 623 F. Supp. 469, 470 (D. Nev. 1985) (Reed, J.)). It is also possible that the Court could find that Plaintiff is entitled to fees based on an eventual victory on the breach of contract claim but that Defendant is entitled to fees based on its victory against the non-contractual claims. Under those circumstances, setoff would

presumably be appropriate. The Court will not adjudicate attorney's fees piecemeal. Finally, fees may be controlled by contract in this case; if so, the statute will not apply by its own terms. *See* Nev. Rev. Stat. § 18.010(4).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 98) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of November, 2014.

_____
ROBERT C. JONES
United States District Judge